UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:91CR3058 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER ON |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | MODIFY SENTENCE PURSUANT |
| JERRY W. McCULLOUGH. | ) | TO 18 U.S.C. § 3582 |
| | ) | |
| Defendant. | ) | |

On June 29, 2005, the defendant, Jerry W. McCullough, filed a pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582. (Filing 107.) For the following reasons, I find that the defendant's motion must be denied.

## I.   BACKGROUND[1]

A three-count indictment was filed in this court on September 19, 1991, charging the defendant with using a firearm in the commission of a robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I); using a firearm to conduct a violent crime in violation of 18 U.S.C. § 924(c)(1) (Count II); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) (Count III).  (See filing 2.)  Initially, the defendant pleaded not guilty to the charges.  (See filing 9.)  On October 16, 1992, the government filed "an Information Re Prior Convictions," which stated that upon the defendant's conviction, the government would "seek to have the defendant sentenced pursuant to Title 18 U.S.C. § 924(e) on the basis of [several] prior convictions."  (Filing 33.)  Thereafter, the defendant withdrew his plea of not guilty and entered a plea of guilty to the charges set forth in Counts I and III of the indictment.  (See filing 38.)  In return, the government agreed to dismiss Count II of the indictment.  (See Plea Agreement, filing

---

[1]I wish to note that the government has provided an accurate, efficient, and helpful summary of the procedural history of this case.  (See filing 109 at 1-3; see also filing 112 at 1 ("Petitioner concedes that the government has accurately stated the procedural history of the case to date . . . .").)

1

39, ¶ 4.)  The parties also agreed that the defendant would retain the right to "contest the enhanced penalty pursuant to Title 18 U.S.C. § 924(e)(1)."  (Id. ¶ 1.)

On May 24, 1993, the probation officer prepared a presentence investigation report (PSIR) using the November 1, 1992, United States Sentencing Commission Guidelines Manual.  (See filing 70, ¶ 21.)  The defendant's total offense level was calculated to be 34, including enhancements based upon findings that the defendant was "a career offender, as contemplated by Section 4B1.1(B)[,] and . . . an armed career criminal, as contemplated by Section 4B1.4(b)(3)(A)."  (Id. ¶ 33.)  The PSIR also states, "Mr. McCullough is contesting the enhancement provisions of 18 USC 924(e), so it does not appear to be appropriate to grant him either a 2 or 3-point reduction for acceptance of responsibility, as contemplated under Section 3E1.1(a) or 3E1.1(b)."  (Id. ¶ 34.)

A sentencing hearing was held on June 8, 1993.  (See filing 61.)  I concluded that the defendant was entitled to a two-level reduction for acceptance of responsibility, which reduced the defendant's total offense level to 32.  (See filing 63.)  His criminal history category was determined to be VI (armed career criminal).  (See id.; see also filing 70, ¶¶ 49-50 )  I therefore sentenced the defendant to 262 months in prison on each of counts I and III, with the sentences to run concurrently; five years of supervised release; and a special assessment of $100.  (See filing 63.)

The defendant appealed his sentence, (see filing 64), arguing that I "erred in sentencing him as an armed career criminal, counting two prior drug convictions separately and denying him a three-level reduction for acceptance of responsibility," (filing 78 at 1).  The Eighth Circuit rejected these arguments and affirmed the sentence.  (See generally filing 78.)  Thereafter, the defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (see filing 81), which he subsequently amended, (see filing 84).  I denied the defendant's motions, (see filings 91, 92), and the defendant's appeal of these denials was not successful, (see filings 93, 100).

The defendant has now filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582, arguing that his sentence ought to be reduced pursuant to Amendments 591 and 674 of the United States Sentencing Guidelines.  (See filing 107.)

## II.   STANDARD OF REVIEW

Section 3582(c)(2) provides,

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Thus, "Favorable guidelines amendments may be used to reduce an earlier sentence only if such a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'"  Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting 18 U.S.C. § 3582(c)(2)).  "Accordingly, the Sentencing Commission issued USSG § 1B1.10, the 'applicable policy statement,' to govern the implementation of § 3582(c)(2)."  United States v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001).  Section 1B1.10(a) states,

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a).  Therefore, if an amendment to the Guidelines is not listed in U.S.S.G. § 1B1.10(c), that amendment cannot be applied retroactively to reduce a defendant's sentence. However, even if a Guidelines amendment is listed in § 1B1.10(c), it does not follow that a defendant is entitled to a sentence reduction as a matter of right.  Instead, the court must engage in a two-step inquiry to determine whether and to what extent a downward departure is warranted.  See Hasan, 245 F.3d at 684-85; United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997).

> First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors (e.g., role in the offense, obstruction of justice, victim adjustments, more than minimal planning, acceptance of responsibility, number of plants, etc.) intact, the district court must determine

3

what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. Second, having made the first determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed.

Wyatt, 115 F.3d at 609.

### III.   ANALYSIS

The defendant argues that his sentence ought to be reduced pursuant to Amendments 591 and 674 of the United States Sentencing Guidelines. (See filing 107.) I shall consider each of these amendments in turn to determine whether the defendant is entitled to a reduction.

#### A.   Amendment 591

Amendment 591 is listed in U.S.S.G. § 1B1.10(c); therefore, it may be applied retroactively. I shall proceed to step one of the two-step analysis described in Hasan and Wyatt, which requires me to "leave all previous factual determinations intact at this point and simply determine 'what sentence [I] would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced.'" United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (quoting United States v. Wyatt, 115 F.3d 606, 608 (8th Cir. 1997)).

Amendment 591, which took effect on November 1, 2000, amended U.S.S.G. § 1B1.1(a); U.S.S.G. § 1B1.2(a); the Commentary to U.S.S.G. § 1B1.2; the Commentary to U.S.S.G. § 2D1.2; Appendix A to the Guidelines Manual, which contains the Statutory Index; and the Commentary to U.S.S.G. § 2H1.1. See United States Sentencing Guidelines Manual App. C, Vol II at 28-31 (Nov. 1, 2003). The primary purpose of the amendment was to "address[] a circuit conflict regarding whether the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual." Id. at 30. "In promulgating [the] amendment, the Commission also was aware of case law that raises a similar issue regarding selection of a Chapter Two (Offense Conduct) guideline, different from that referenced in the Statutory Index (Appendix A), based on factors other than the conduct charged in the offense of conviction." Id. As the

government correctly notes, the defendant has not explained how this amendment avails him. Indeed, a comparison of the relevant Guidelines provisions as they appeared both before and after Amendment 591 became effective demonstrates that the amendment does not affect the defendant's sentence in any way.

Amendment 591 did not change the base offense level applicable under Count I, which remains at 20.  Compare U.S.S.G. § 2B3.1(a) (1992) with U.S.S.G. § 2B3.1(a) (2000).  Nor did the amendment change the guidelines that identify specific offense characteristics that raise this offense level to 30.  Compare U.S.S.G. § 2B3.1(b)(1), (b)(2)(C), (b)(4)(B), (b)(6)(B) (1992) with U.S.S.G. § 2B3.1(b)(1), (b)(2)(C), (b)(4)(B), (b)(7)(B) (2000). Moreover, Amendment 591 did not alter the offense levels specified under the "career offender" and "armed career criminal" guidelines, which remain at 34.  Compare U.S.S.G. §§ 4B1.1(B), 4B1.4(b)(3)(A) (1992) with U.S.S.G. §§ 4B1.1(B), 4B1.4(b)(3)(A) (2000).  Thus, the defendant's total offense levels under Counts I and III remain at 34–not including an adjustment for acceptance of responsibility–when Amendment 591 is taken into account.

I granted the defendant a two-level reduction for acceptance of responsibility, thereby reducing the defendant's total offense level to 32.  (See filing 63.)  Guideline 3E1.1, which provides for two- or three-level reductions for acceptance of responsibility, was not changed by Amendment 591.  Compare U.S.S.G. § 3E1.1 (1992) with U.S.S.G. § 3E1.1 (2000).  Therefore, it is clear that Amendment 591 has not affected the defendant's total offense level.

Similarly, Amendment 591 did not affect the computation of the defendant's criminal history points or criminal history category; the amendment did not modify any of the relevant Guideline provisions.  Compare U.S.S.G. §§ 4A1.1(a), (c)-(e); 4A1.2(e)(1); 4B1.1; 4B1.4(c) (1992) with U.S.S.G. § 4A1.1(a), (c)-(e); 4A1.2(e)(1); 4B1.1; 4B1.4(c) (2000).  As a result, the defendant's criminal history category would have been VI even if Amendment 591 had been in effect at the time of the defendant's sentencing.

In sum, Amendment 591 has not altered the offense level or criminal history computations that were used to determine the relevant sentencing ranges.  His total offense level remains at 32, and his criminal history category remains VI.  Amendment 591 has not altered the applicable sentencing range of 210-262 months.  Compare United States Sentencing Guidelines

5

Manual ch. 5, pt. A, sentencing table (1992) with United States Sentencing Guidelines Manual ch. 5, pt. A, sentencing table (2000). Therefore, I find that if Amendment 591 had "been in effect at the time the defendant was sentenced," the defendant's sentence would not have been different. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (quoting United States v. Wyatt, 115 F.3d 606, 608 (8th Cir. 1997)). As a result, there is no need to proceed to step two of the analysis described in Hasan and Wyatt, and I must conclude that the defendant is not entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

### B. Amendment 674

Amendment 674 is not listed in U.S.S.G. § 1B1.10(c). Therefore, it cannot be applied retroactively to reduce the defendant's sentence. See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (holding that since Amendment 509 was not listed in § 1B1.10(c), it could not be applied retroactively); U.S.S.G. § 1B1.10 cmt. n. 1 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

The defendant argues that since Amendment 674 "is of a clarifying nature," he should be given the benefit of the revision. (See filing 112 at 2 (citing U.S.S.G. § 1B1.11(b)(2)); see also id. at 2-5.) It is true that some circuits have allowed defendants to benefit from "clarifying" amendments that are not listed in § 1B1.10(c). See, e.g., Jones v. United States, 161 F.3d 397, 402-03 (6th Cir. 1998), amended and superceded in part by 178 F.3d 790 (6th Cir. 1999); Isabel v. United States, 980 F.2d 60, 61-63 (1st Cir. 1992). I note, however, that in these cases the courts were presented with motions to correct sentences pursuant to § 2255, as opposed to § 3582(c)(2). See U.S.S.G. § 1B1.10 cmt. n. 1. As the government correctly notes, McCullough filed a § 2255 motion previously; thus, he cannot proceed under that section without first obtaining permission from the Eighth Circuit. See 28 U.S.C. § 2255. More importantly, I find that even if Amendment 674 were applied retroactively in the defendant's case, it is apparent that the amendment would not affect his sentence.[2]

---

[2] One of the purposes of Amendment 674 was to "provide[] an application note in § 4B1.4 (Armed Career Criminal) to address an apparent 'double counting' issue that appears to be present when a defendant is convicted both of 18 U.S.C. § 922(g) (Felon in Possession) and also

**IT IS ORDERED** that the defendant's "Motion to Modify Sentence Under 18 U.S.C. § 3582," filing 107, is denied.

Dated September 7, 2005.

                                        BY THE COURT

                                        s/  Warren K. Urbom
                                        United States Senior District Judge

---

of an offense such as 18 U.S.C. 924(c) (Use of a Firearm in Relation to Any Crime of Violence or Drug Trafficking Crime) or a similar offense carrying a mandatory minimum consecutive penalty, such as 18 U.S.C. § 844(h) relating to the use of explosives, or 18 U.S.C. § 929(a) relating to the use of restricted ammunition." See United States Sentencing Guidelines Manual Supp. to App. C at 134 (Nov. 1, 2004). The defendant claims that his sentence was the product of this "double counting." (See filing 112 at 3, 4.) I disagree. Although the defendant did plead guilty to a violation of 18 U.S.C. § 922(g), his sentence was not also based upon a violation of § 924(c) or any other offense that carried a mandatory minimum consecutive penalty.

7